IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| COOPER-BOOTH WHOLESALE COMPANY, L.P. | : | BANKRUPTCY NO. 13-14519 (MDC) |
| | : | |
| Debtor | : | |
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| COOPER-BOOTH TRANSPORTATION COMPANY, L.P. | : | BANKRUPTCY NO. 13-14521 (MDC) |
| | : | |
| Debtor | : | |
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| COOPER-BOOTH MANAGEMENT COMPANY, INC. | : | BANKRUPTCY NO. 13-14522 (MDC) |
| | : | |
| Debtor | : | |

**MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT
ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES PURSUANT
TO FED.R.BANKR.P. 1015(b) AND GRANTING OTHER RELATED RELIEF**

Cooper-Booth Wholesale Company, L.P.; Cooper-Booth Transportation Company, L.P.; and Cooper-Booth Management Company, Inc. (collectively, the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis, P.C., hereby seek the entry of an Order directing the joint administration of the Debtors' Chapter 11 cases pursuant to Fed.R.Bankr.P. 1015(b) and granting other related relief (the "Motion"), and in support thereof, respectfully represent:

**INTRODUCTION AND JURISDICTION**

1. This Motion seeks the entry of an Order directing the joint administration of the Debtors' Chapter 11 cases pursuant to Fed.R.Bankr.P. 1015(b).

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

4. On May 21, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and continued management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Declaration of Barry Margolis in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

## RELIEF REQUESTED AND BASIS THEREFOR

6. The Debtors respectfully request entry of an Order directing that their Chapter 11 cases be jointly administered pursuant to Fed.R.Bankr.P. 1015(b). As set forth herein, each of the Debtors is an "affiliate" within the meaning of 11 U.S.C. § 101(2)(B). Moreover, as detailed below, joint administration will result in a more economical and efficient administration of these Chapter 11 cases than would be achieved if each of the Debtors' Chapter 11 proceedings were administered separately.

7. Rule 1015 of the Federal Rules of Bankruptcy Procedure governs the joint administration of Chapter 11 cases. That rule provides in pertinent part:

-2-

> (b)  Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

See, Fed.R.Bankr.P. 1015(b).

8. The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost-efficiency by "using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters[.]" See, Advisory Committee Note to Fed.R.Bankr.P. 1015(b).

9. Joint administration is particularly appropriate when an affiliated group of corporations files for bankruptcy relief. See, 9 Collier on Bankruptcy, 1015.03, p. 1015-6 (15th ed. Rev. 1999). Where closely related corporations file for relief under Chapter 11, "the success of one affiliate's reorganization effort may depend largely on the success of the other affiliate's efforts." See, Id.

10. The term "affiliate" is defined broadly in the Bankruptcy Code. Section 101(2) of the Bankruptcy Code defines an affiliate as:

> (A)  [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or]
>
> (B)  [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or

-3-

> indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

See, 11 U.S.C. § 101(2).

11. That broad definition of affiliate is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." See, In re A&S Transp. Co., Inc., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir. 1978)).

12. As indicated in the Margolis Declaration, Barry Margolis is the sole shareholder of Cooper-Booth Management Company, Inc. and the ninety-eight percent (98%) interest holder of Cooper-Booth Wholesale Company, L.P. Cooper-Booth Management Company, Inc. is the general partner and the two percent (2%) interest holder of Cooper-Booth Wholesale Company, L.P. and the general partner and the one percent (1%) interest holder of Cooper-Booth Transportation Company, L.P. Cooper-Booth Wholesale Company, L.P. is the limited partner and the ninety-nine percent (99%) interest holder of Cooper-Booth Transportation Company, L.P. Therefore, the Debtors are "affiliates" under § 101(2)(B) of the Bankruptcy Code and their bankruptcy cases are appropriate for joint administration under Rule 1015(b).

13. The Debtors believe joint administration of their Chapter 11 cases will allow the cases to be administered more efficiently, expeditiously and economically, and will not prejudice any creditors of the Debtors' individual estates. Accordingly, the Debtors respectfully submit that joint administration of the within Chapter 11 cases, pursuant to Federal Rule of Bankruptcy Procedure 1015, is necessary and appropriate.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order directing that their Chapter 11 cases be jointly administered and for such other and further relief as this Court deems just and proper.

        **Respectfully submitted,**

        **MASCHMEYER KARALIS P.C.**

By:    /s/ Aris J. Karalis
      ARIS J. KARALIS
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      Proposed Attorneys for the Debtors

Dated: May 21, 2013